In the United States District Court
for the Southern District of Texas
Houston Division

| | | |
|---|---|---|
| Joshua Huffman, Individually, and | § | |
| as Representative of the Estate of | § | |
| Janice Huffman, Deceased; Ashley | § | |
| Hawkins; Brandon Huffman; and | § | |
| Taylor Walker | § | |
|     Plaintiffs | § | |
| | § | Civil Action No. 4:19-cv-00705 |
| v. | § | |
| | § | |
| Evans Transportation Services, Inc.; | § | |
| SAF-Holland, Inc., Independently | § | |
| and dba/fka SAF-Holland USA or | § | |
| Holland USA, Inc.; Gama Trade, Inc.; | § | |
| Muhidin Milanovic; Amer Trucking, | § | |
| Inc. | § | |
|     Defendants | § | |

## Notice of Removal

To the Honorable Judge of Said Court:

Defendant Evans Transportation Services, Inc. hereby gives notice and removes this case from the 281st Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of this Notice and in compliance with the requirements for removal, Evans would show the following:

### I.    Factual Background

#### A.    Procedural Background

1.    Evans has been sued in the matter styled *Joshua Huffman, Individually and as Representative of the Estate of Janice Huffman, Deceased; Ashley Hawkins; Brandon Huffman;*

*and Taylor Walker, Plaintiffs v. Evans Transportation Services, Inc.; SAF-Holland, Inc., Independently and dba/fka SAF-Holland USA, Inc. or dba/fka Holland USA, Inc. or Holland USA, Inc.; Gama Trade, Inc.; Muhidin Milanovic; and Amer Trucking, Inc., Defendants,* pending in the 281st Judicial District Court of Harris County, Texas and bearing cause number 2018-81533. Plaintiffs filed suit on November 12, 2018, and filed a First Amended Petition on November 14, 2018. *See* Ex. 2, copy of Plaintiffs' Original Petition; *See* Ex. 3, a copy of Plaintiffs' First Amended Original Petition. The case was originally filed in the 333rd Judicial District Court, but it was transferred to the 281st Judicial District Court in Harris County on November 16, 2018. *See*, Exhibit 8, a true and correct copy of Order transferring case to another district court.

2.      Defendant Evans received the Plaintiffs' First Amended Petition and the state court citation on January 28, 2019 via certified mail. *See*, Exhibit 16, a true and correct copy of citation and certified mail receipt for envelope addressed to Evans Transportation in Brookline, Wisconsin, with true and correct copy of tracking results for same envelope demonstrating delivery on January 28, 2019. Defendant Evans has not yet made an appearance in the state court action; Plaintiffs granted Evans an extension of time to respond to the First Amended Petition until March 11, 2019. The other defendants in this action have all been served and have answered the case in the state court action. *See*, Exhibits 4 and 5, true and correct copies of Original Answers to Plaintiffs' First Amended Petition by Defendants Gama Trade, Inc., Muhidin Milanovic and Amer Trucking, Inc.; Exhibit 6, true and correct copy of Defendant SAF-Holland, Inc.'s Answer to Plaintiffs' First Amended Petition.

3.     This Notice is timely filed within 30 days after Evans' receipt of notice of the pleading setting forth the claims for relief as required by 28 U.S.C. § 1446(b).

> **B.     Plaintiffs' Factual Allegations**

4.     Plaintiffs are wrongful death and survival claimants seeking damages for the injuries and death of Janice Huffman, who was allegedly involved in a motor vehicle collision with a tractor-trailer driven by defendant Muhidin Milanovic on November 14, 2016 in Hunt County, Texas. *See,* Ex. 3, Plaintiffs' First Amended Petition, at ¶ 18. Defendant Milanovic's vehicle allegedly struck Huffman's SUV from behind, pushed her vehicle into the car in front of her and then to the right shoulder on the highway. *Id.* Huffman's vehicle caught fire, and she died at the scene. *Id.* at ¶ 19.

5.     Plaintiffs have sued Milanovic and his employer Amer Trucking for negligence and gross negligence in causing Huffman's injuries and death in the motor vehicle collision. *See generally* Ex. 3, Plaintiffs' First Amended Petition. Plaintiffs have also sued Gama Trade as the owner of the trailer connected to Milanovic's tractor, as the lessor of Milanovic's tractor, and as the statutory employer of Amer Trucking and Milanovic. Ex. 3, Plaintiffs' First Amended Petition at ¶¶ 20, 25.

6.     Plaintiffs allege Evans Transportation is liable as both a motor carrier and a transportation or freight broker. *See,* Ex. 3, Plaintiffs' First Amended Petition, at ¶ 21. Plaintiffs sued Evans Transportation as a motor carrier and statutory employer of Gama Trade, Amer Trucking, and Milanovic. Ex. 3, Plaintiffs' First Amended Petition, at ¶¶ 21, 27, 33. Plaintiffs allege Evans hired Gama Trade to transport the cargo in the trailer involved in the collision from Grandview, Johnson County, Texas to Dumas, Arkansas.

*Ex.* 3, Plaintiffs' First Amended Petition at ¶ 24. Plaintiffs have also alleged that Evans was acting as a transportation or freight broker in arranging the transportation of the cargo by Gama Trade as the motor carrier. *Id.* at ¶ 21, 23. Although Plaintiffs have alleged Evans is liable as both a broker and a motor carrier, the definition of broker under the applicable federal statutes specifically distinguishes brokers from motor carriers, and therefore Plaintiffs cannot recover from Evans in this suit as both a broker and a motor carrier. *See,* 49 U.S.C. § 13102(2)[1].

7.    In addition to suing Gama Trade, Amer Trucking, Milanovic and Evans, Plaintiff also sued SAF-Holland, Inc., the shipper of the cargo in Gama Trade's trailer. *Id.* at ¶ 22. According to Plaintiffs, "SAF-Holland hired Evans to broker and/or transport items from Grandview, Johnson County, Texas, to a production facility of SAF-Holland in Dumas, Arkansas." *Id.* at 22.

8.    Plaintiffs have asserted negligence and gross negligence causes of action against Evans and the other defendants to recover for wrongful death and survival damages sustained by Plaintiffs and their decedent Janice Huffman. In the First Amended Petition, although Plaintiffs allege that Evans was the interstate motor carrier for the cargo within the trailer involved in Janice Huffman's incident, the documents attached to or referenced within Plaintiffs' First Amended Petition clearly identify the carrier for the shipment as Gama Trade, not Evans. For example, the bill of lading identifies Gama Trade, Inc as the carrier. *See,* Ex. 3, Plaintiffs' First Amended Petition, at page 5 and

---

[1] "The term "broker" means a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation."

page 12. The "Carrier Rate Confirmation" on page 6 of the First Amended Petition also identifies the Carrier as Gama Trade, Inc. Ex. 3, Plaintiffs' First Amended Petition, at p. 6. The only document included with Plaintiffs' First Amended Petition that suggests that Evans may be the carrier is a purchase order between the shipper SAF-Holland, Inc. and its vendor Universal Forest Products, Inc., but the purchase order is not a transportation document between or apparently generated by any of the companies providing transportation services to either the shipper or the vendor. Ex. 3, Plaintiffs' First Amended Petition, at ¶ 10.

## II.    Grounds for Removal

9.    This case is removable to this Court because this Court may exercise original jurisdiction over some of the claims asserted against Evans Transportation based on federal question jurisdiction, as set forth in 28 U.S.C. § 1331. *See also*, 28 U.S.C. § 1441(a). Although not all of the claims and causes of action in Plaintiffs' state court action are removable, Evans seeks to remove the entire case to federal court as permitted by 28 U.S.C. § 1441(c).

10.    As alleged in Plaintiffs' First Amended Original Petition, Defendant Evans is a transportation broker who contracted with defendant Gama Trade to transport goods on behalf of shipper SAF-Holland from Grandview, Johnson County, Texas to Dumas Arkansas. Ex. 3, Plaintiffs' First Amended Petition, at ¶ 22-24.

11.    Plaintiffs' negligence and gross negligence claims against Evans are based on at least two separate theories. Plaintiffs allege that to the extent Evans was the motor carrier, Evans is directly and vicariously liable for the actions of the driver Milanovic

because Milanovic, Amer Trucking, and Gama Trade were all employees or agents of Evans. *See*, Plaintiffs' First Amended Petition at ¶¶ 36, 37, 39. Plaintiff also alleges, however, that Gama Trade, an entity independent from Evans, was the motor carrier. Ex. 3, Plaintiffs' First Amended Petition, at ¶ 20 ("The trailer is owned by the motor carrier, Gama Trade"). The primary basis for Plaintiffs' claims against Evans, therefore, is based on allegations that Evans negligently selected, hired, or retained Gama Trade, Amer Trucking or Milanovic in its role as the transportation broker for the shipment. *See*, Ex. 3, Plaintiffs' First Amended Petition at ¶¶ 36, 37, 38, 39.

12.     Federal law, however, completely preempts any attempt by the states to regulate the services of a transportation broker engaged in interstate commerce. 49 U.S.C. § 14501(c)(1). Subject to certain exceptions, "a State…may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1)[2]. When a claim, including a common law tort claim, is centered on or derives from a bargained-for or anticipated provision of labor from a broker, the claim is related to a service of the broker and therefore preempted by § 14501. *Finley v. Dyer*, No. 3:18-CV-00078, 2018 U.S. Dist. LEXIS 182482 (N.D. Miss. Oct. 24, 2018), *citing DNOW, LP v. Paladin Freight Sols., Inc.*, 4:17-CV-3369, 2018 U.S. Dist. LEXIS 5585 (S.D.Tex. Jan. 12, 2018).

---

[2] 49 U.S.C. § 14501 was originally enacted within the Federal Aviation Administration Authorization Act of 1994 (Pub. L. 103-305) ("FAAAA"), which was then modified and amended by the ICC Termination Act of 1995 (Pub. L. 104-88) ("ICCTA"). As recognized by the Supreme Court of the United States in *Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 367-68 (2008), the language in § 14501(c) mirrors the preemption language in the Airline Deregulation Act ("ADA") applicable to state law attempts to regulate the rates, routes, or services of air carriers in the airline industry. 49 U.S.C. § 1305(a)(1).

13.    The purpose of the FAAAA is to prevent the states from imposing laws that have an economic impact on the prices, routes, and services of brokers and others in the interstate transportation industry. *Rowe v. N.H. Motor Transp. Ass'n,* 552 U.S. 364, 367-68, 370-71 (2008). Any state enforcement actions or laws having a connection with or reference to rates, routes or services are pre-empted, even if the effect on the rates, routes, or services is only indirect. *Id.* at 370-71, *citing Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 384, 386 (1992). However, federal law would not preempt state laws that affected rates, routes, or services in only a tenuous, remote, or peripheral manner. *Rowe,* 552 U.S. at 370-71.

14.    In this particular case, Plaintiffs specifically allege that Evans is liable as a broker based on its services in investigating, selecting, employing, hiring, retaining, and monitoring Gama Trade to act as a motor carrier. Ex. 3, Plaintiffs' First Amended Petition, at ¶ 38. This claim of negligent hiring, retention, or selection necessarily relates to the quality and costs of Evans's service as a transportation broker. *DNOW, LP v. Paladin Freight Sols., Inc.,* 4:17-CV-3369, 2018 U.S. Dist. LEXIS 5585 (S.D.Tex. Jan. 12, 2018). Other district courts throughout the country have determined that state laws impacting the manner and methods of the selection process would have a direct and significant economic impact on the prices, routes, and services of a broker, and therefore fall squarely within the scope of § 14501(c)(1). *Finley v. Dyer,* No. 3:18-cv-00078, 2018 U.S. Dist. LEXIS 182482, *9-*14 (N.D.Miss. Oct. 24, 2018); *Miller v. C.H. Robinson Worldwide, Inc.,* No. 3:17-cv-00408, 2018 U.S. Dist. LEXIS 194453 *5-*9 (D.Nev. Nov. 14, 2018); *Creagan v. Wal-Mart Transp., LLC,* 3:16-cv-02788, 2018 U.S. Dist. LEXIS

209604, *8 (N.D.Oh. Dec. 12, 2018); *Huntington Operating, Corp. v. Sybonney Express, Inc.,* No. H-08-781, 2010 U.S. Dist. LEXIS 55591 (S.D.Tex. May 11, 2010). Furthermore, common law tort claims fall under the scope of the FAAAA. *Huntington,* 2010 U.S. Dist. LEXIS at *7; *Finley,* 2018 U.S. Dist. LEXIS 182482 at *8-9, *citing Krauss v. IRIS USA, Inc.,* No. 17-778, 2018 U.S. Dist. LEXIS 74922, at *4 (E.D.Pa May 3, 2018). Plaintiffs' claims for negligent hiring, retention, and selection are an attempt to enforce a law related to a price, route, or service of a broker with respect to the transportation of property and should therefore be completely preempted by § 14501(c)(1).

15.     Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint. *Elam v. Kansas City S. Ry.,* 635 F.3d 796, 803 (5th Cir. 2011). "That federal law might provide a defense to a state law cause of action does not create federal question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 808 (1986). However, when Congress so completely preempts a particular area that any civil complaint raising this select group of claims is necessarily federal in character, the federal court may exercise federal question jurisdiction over the state law claims. *Gutierrez v. Flores,* 543 F.3d 248, 252 (5th Cir. 2008); *DNOW, LP.,* 2018 U.S. Dist. LEXIS 5585 at *5, *citing Beneficial National Bank v. Anderson,* 539 U.S. 1, 8 (2003).

16.     In this case, although Plaintiff's claims sound in common law negligence and gross negligence under Texas state laws, which theories of liability do not ordinarily invoke federal question jurisdiction, because Congress has completely preempted Plaintiffs' negligent hiring, retention, and selection claims against Evans as a broker

through 49 U.S.C. § 14501(c)(1), these claims and causes of action are subject to this court's original jurisdiction under federal question jurisdiction. *Beneficial National Bank v. Anderson,* 539 U.S. at 8; 28 U.S.C. § 1331. At least some of the claims against Evans are therefore removable as claims arising under the laws of the United States. This case is therefore subject to removal under 28 U.S.C. § 1441(a) and 1441(c)(1). Furthermore, with respect to the other state law tort claims against Evans based on vicarious liability or negligence as the alleged employer of Gama Trade, Amer Trucking, and Milanovic, Evans would show that such claims are subject to this Court's supplemental jurisdiction as arising out of the same case or controversy as the negligent hiring, selection, and retention claims against Evans as a broker. 28 U.S.C. 1367(a).

### III.    Consent to Removal and Removal Procedure

17.    Defendant SAF-Holland, Inc. was served with process in the state court action and has filed an answer. *See,* Exhibit 6, Defendant's Original Answer. Defendant Evans has secured consent to removal from Defendant SAF-Holland, Inc. *See,* Exhibit 17, Consent to Removal.

18.    Defendants Gama Trade, Amer Trucking, and Muhidin Milanovic apparently accepted service of process through their attorneys without execution of service of process, and these Defendants have all filed answers in the state court action. *See,* Exhibits 4 and 5, Defendants' Answers. Counsel for Defendants Gama Trade, Amer Trucking, and Muhidin Milanovic have indicated that these defendants do not consent to removal at this time.

19.     The claims against Gama Trade, Amer Trucking, and Muhidin Milanovic are not subject to either federal question jurisdiction or diversity jurisdiction, and if they had had been filed separately from the claims and causes of action for negligent retention, selection, and hiring against Evans, would not have been removable to federal court. Pursuant to 28 U.S.C. § 1441(c)(2), because the claims against them are otherwise not removable, the consent of these Defendants is not required in this action. 28 U.S.C. § 1441(c)(2) ("Only defendants against whom a claim described in [28 U.S.C. § 1441(c)(1)(A)] has been asserted are required to join in or consent to the removal under paragraph [28 U.S.C. § 1441(c)(1)]"). Defendant Evans therefore seeks to remove this action to federal court even though Defendants Gama Trade, Amer Trucking, and Muhidin Milanovic have not consented to removal.

20.     Defendant Evans has not yet filed an appearance in the state court action pending in Harris County. Plaintiffs agreed to extend Evans' deadline to respond to the lawsuit until March 11, 2019. Defendant Evans will file its responsive pleadings and pre-answer motions subject to Fed. R. Civ. P. 12 in compliance with Fed. R. Civ. P. 81(c).

## IV.    Attachments to Notice of Removal

21.    Defendant Evans hereby attaches to this Notice of Removal the following documents listed with the Index attached hereto, as required and in compliance with this Court's Local Rules and in support of this Notice:

| Exhibit Number | Document | Date Filed |
|---|---|---|
| Exhibit 1 | Civil Case Sheet | 11/12/2018 |
| Exhibit 2 | Plaintiff's Original Petition with Discovery | 11/12/2018 |
| Exhibit 3 | Plaintiff's First Amended Petition with Discovery | 11/14/2018 |
| Exhibit 4 | Gama Trade, Inc., Muhidin Milanovic, and Amer Trucking, Inc.'s, Original Answer to Plaintiff's First Amended Original Petition | 11/29/2018 |
| Exhibit 5 | Gama Trade, Inc., Muhidin Milanovic, and Amer Trucking, Inc.'s, Original Answer to Plaintiff's First Amended Original Petition | 11/30/2018 |
| Exhibit 6 | Defendant SAF-Holland, Inc.'s Incorrectly Named as SAF-Holland, Inc. Independently DBA/FKA SAF-Holland, Inc. or DBA/FKA Holland USA or Holland USA Inc. Answer to Plaintiff's First Amended Petition | 01/07/2019 |
| Exhibit 7 | Docket Control Order | 02/04/2019 |
| Exhibit 8 | Order Transferring Case to Another District Court | 11/16/2018 |
| Exhibit 9 | Agreed Order for Substitution of Counsel for Defendant, SAF-Holland, Inc. | 02/14/2018 |
| Exhibit 10 | Citation for Evans Transportation Services Inc. | 11/14/2018 |
| Exhibit 11 | Citation for SAF-Holland USA Inc. (or DBA/FKA | 11/14/2018 |

| Exhibit Number | Document | Date Filed |
|---|---|---|
| | Holland USA or Holland USA Inc.) | |
| Exhibit 12 | Citation for SAF-Holland, Inc. (A Foreign Corporation) | 11/14/2018 |
| Exhibit 13 | Domestic Return Receipt | 12/03/2018 |
| Exhibit 14 | List of all Counsel of Record | N/A |
| Exhibit 15 | Docket Sheet | N/A |
| Exhibit 16 | Proof of service via certified mail to Evans Transportation Service, Inc. | N/A |
| Exhibit 17 | Consent to Removal by SAF-Holland, Inc. | 2/26/2019 |

## V.    Conclusion and Prayer

Defendant Evans Transportation Services, Inc. hereby removes this action to the United States District Court for the Southern District of Texas, Houston Division on the basis of federal question jurisdiction under 28 U.S.C. §§ 1331, 1441(a), and 1446.

Respectfully submitted,


_____/s/ R. Wayne Gordon_____
R. Wayne Gordon
*Attorney-in-Charge*
Texas Bar No. 08206500
wayne.gordon@tbjbs.com
Amie P. Fordan
*Of Counsel*
Texas Bar No. 24036580
amie.fordan@tbjbs.com


Touchstone,    Bernays,    Johnston,
   Beall, Smith & Stollenwerck, LLP
1717 Main Street, Suite 3400
Dallas, Texas 75201
214-741-1166 - telephone
214-741-7548 - facsimile
Attorneys for Evans Transportation
Services, Inc.


### Certificate of Service

This is to certify that this Notice of Removal has been served on all counsel of record for the other parties via the Court's electronic filing system, via U.S. mail and via e-mail, on this 27th day of February 2019.


_____/s/ R. Wayne Gordon_____
R. Wayne Gordon