United States District Court
Southern District of Texas
**ENTERED**
August 12, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSHUA HUFFMAN, Individually and as Representative of the Estate of Janice Huffman; ASHLEY HAWKINS; BRANDON HUFFMAN; and TAYLOR WALKER, | § § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. H-19-0705 |
| EVANS TRANSPORTATION SERVICES, INC.; SAF-HOLLAND, INC., Independently and dba/fka SAF-HOLLAND USA or HOLLAND USA, INC.; GAMMA TRADE, INC.; MUHIDIN MILANOVIC; and AMER TRUCKING, INC., | § § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending in this case that has been referred to the Magistrate Judge for all pretrial proceedings is Plaintiffs' Motion to Remand (Document No. 12), in which Plaintiffs maintain that the negligence-based claims it alleged against Defendant Evans Transportation Services, Inc., are not preempted by 49 U.S.C. § 14501(c)(1), that Evans' removal of the case from state court on the basis of complete preemption was improper, and that remand to state court is warranted. Having considered Plaintiffs' Motion to Remand, Evans' response, the additional briefing, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiffs' Motion to Remand (Document No. 12) be GRANTED.

I.   **Background and Procedural History**

On November 14, 2016, Janice Huffman died after being involved in a motor vehicle collision allegedly caused by the Defendant, Muhidin Milanovic. *See* Plaintiff's First Amended Petition, at

1

¶ 18. Defendant Milanovic, driving a tractor trailer and allegedly distracted by his GPS, failed to control his speed and struck Huffman's vehicle from behind. *Id.* The collision caused Huffman's vehicle to collide with the vehicle in front of her and to be pushed onto the shoulder of the road. *Id.* Huffman was then trapped inside her vehicle while it became engulfed in flames. *Id.*

Plaintiffs Joshua Huffman, Ashley Hawkins, Brandon Huffman, and Taylor Walker brought this suit against Defendants, alleging various negligence-based claims. As against Evans Transportation Services, Inc. ("Evans"), Plaintiffs alleged that it was negligent in hiring the motor carrier(s) Gama Trade [AND], Amer Trucking, and the driver of the truck, Milanovic. This suit, originating in the state district court in Harris County, Texas, was removed to federal court by Evans on the basis that Plaintiffs' negligence claims against it were completely preempted by the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501(c)(1). None of the other Defendants joined in the removal.

Plaintiffs, with their Motion to Remand, seek an Order remanding this case to state court, arguing that their negligence-based claims against Evans are not pre-empted. Evans, in response, argues that preemption applies and that the Court's subject matter jurisdiction can and should be based on that preemption. None of the other Defendants have expressed any opinion on the substance or merits of Plaintiffs and Evans' preemption dispute.

## II.     Subject Matter Jurisdiction

The district courts shall have original jurisdiction of a civil action if there is complete diversity of citizenship with an amount in controversy of $75,000 or more, or if the action arises from a federal question. Here, subject matter jurisdiction is not, and cannot be, predicated on diversity because Plaintiffs are citizens of Texas and one of the Defendants, Milanovic, is a citizen of Texas. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (To establish complete diversity, all defendants must be completely diverse from all the plaintiffs). As for whether there is federal question jurisdiction, 28 U.S.C. § 1331 ("The district courts shall [also] have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), Evans

argues that federal question jurisdiction exists based on the preemption of Plaintiffs' claims by the FAAAA, 49 U.S.C. § 14501(c)(1). Federal question jurisdiction based on preemption exists "[w]hen Congress 'so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir. 2008) (quoting *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000)).

Here, what is at issue is whether the FAAAA completely preempts Plaintiffs negligence-based claims against Evans such that federal question jurisdiction can be said to exist.

### III. Discussion

Section 14501(c)(1) of the FAAAA applies to "motor carriers of property" and provides that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). It is this provision upon which Evans contends the Court has subject matter jurisdiction based on complete preemption. Plaintiffs maintain, in their Motion to Remand, that this provision of the FAAAA does not preempt their state law negligent claims because those claims do not relate to a "price, route or service of any motor carrier." Plaintiffs also argue, in addition and in the alternative, that the public safety exception in 49 U.S.C. § 14501(c)(2)(A) (the preemption provisions in (c)(1) "shall not restrict the safety regulatory authority of a State with respect to motor vehicles . . . or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization"), excepts their negligence-based claims from the FAAAA's preemptive effect..

According to the U.S. Supreme Court, "state laws and actions are preempted [by] 'a connection with, or reference to' rates, routes, or services. *Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364, 370 (2008). In *DNOW, L.P. v. Paladin Freight Sols. Servs.*, this Court found that "[a] state law can be preempted even if its effect on rates, routes, or services is 'only indirect' and seems to be consistent with the aims of federal law." No. 4:17-CV-3369, 2018 WL 398235, at

\*3 (S.D. Tex. Jan. 12, 2018) (citing *Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364, 370 (2008)). While the "extent to which a state law must alter or influence rates, routes, or services in order to be preempted is somewhat unclear," the Supreme Court in *Rowe* found that preemption "occurs at least where state laws have a 'significant impact' related to Congress' [sic] deregulatory and preemption-related objectives." *Rowe*, 552 U.S. at 370 (citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 390 (1992)). "[W]here the state law's effect is only 'tenuous, remote, or peripheral,' preemption does not necessarily occur." *DNOW*, 2018 WL 398235, at \*3 (citing *Rowe*, 552 U.S. at 370).

**"Related to" Analysis**

No Circuit court has decided the issue presented here: whether negligence-based claims against a transportation broker are preempted by the FAAAA. But this Court, in *DNOW, L.P. v. Paladin Freight Sols., Inc.*, No. 4:17-CV-3369, 2018 WL 398235, at \*5 (S.D. Tex. Jan. 12, 2018) did decide, as have other Courts in other Districts,[1] that a plaintiff's negligence claim against a freight broker is not preempted by the FAAAA. *DNOW* compels a similar conclusion in this case.

As for the Circuit authority cited by Plaintiffs in support of their Motion to Remand, while it does not provide a definitive answer on the preemptive effect of the FAAAA, it does, because it addressed similar statutory provisions and similar statutory language, provide substantial guidance. As stated in *Rowe*, "when judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute indicates . . . the intent to

---

[1] *Gilley v. C.H. Robinson Worldwide, Inc.*, No. CV 1:18-00536, 2019 WL 1410902, at \*5 (S.D.W. Va. Mar. 28, 2019) ("plaintiffs' negligent selection claim stems from a personal-injury, wrongful-death action, and the court finds that this claim does not "relate to" CHR's broker services"); *Nyswaner v. C.H. Robinson Worldwide Inc.*, 353 F. Supp. 3d 892, 896 (D. Ariz. 2019) ("Because this negligent hiring claim is a 'generally applicable' state law that does not 'otherwise regulate prices, routes or services,'" the claim is not preempted by the FAAAA); *But see Volkova v. C.H. Robinson Co.*, No. 16-1883, 2018 WL 741441 (N.D. Ill. Feb. 7, 2018) (holding that a negligent hiring claim was preempted because it related to the core service provided by the defendant); *Ga. Nut Co. v. C.H. Robinson Co.*, No. 17 C 3018, 2017 WL 4864857 (N.D. Ill. Oct. 26, 2017) (holding that a negligent hiring claim was preempted because the claim had a significant economic effect on the services); *Krauss v. IRIS USA, Inc.*, No. 17-778, 2018 WL 2063839 (E.D. Pa. May 3, 2018) (holding that a personal injury claim was preempted because it related to the core service provided by the defendant).

incorporate its judicial interpretations as well." 552 U.S. at 370 (citing *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 85 (2006)).

Here, the preemption provision of the FAAAA at issue, 49 U.S.C. § 14501(c)(1), uses the same language as the preemption provision in the Airline Deregulation Act of 1978 (ADA). *Rowe*, 552 U.S. at 370. In *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334 (5th Cir. 1995), the Fifth Circuit addressed the scope of the like-worded preemption provision in the ADA in connection with a personal injury (negligence) claim by an airline passenger. In *Hodges,* the plaintiff sued for negligence after being injured by an item falling out of an overhead bin. The Fifth Circuit found that the term "services" in the ADA's preemption provision meant "the bargained-for or anticipated provision of labor from one party to another." *Id.* The Court further found that the claims against the airline were related to the carriers' *operations* and not the *services* they were contractually obligated to perform. *Id.* Similarly, in *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796 (5th Cir. 2011), the Fifth Court addressed the scope of the like-worded preemption provision in the Interstate Commerce Commission Termination Act (ICCTA) in connection with a negligence claim by a motorist who collided with a train. In *Elam*, the Fifth Circuit concluded that the negligence claim was not preempted by the ICCTA because "the effects of state negligence law on rail operations are merely incidental" and a simple negligence claim is not "related to" railroad crossings because it "does not directly attempt to manage or govern a railroad's decisions in the economic realm." *Id.* at 813.

Here, taking guidance from the Fifth Circuit's decisions in *Hodges* and *Elam*, and following the Court in *DNOW*, the undersigned concludes that the negligence-based claims against Evans are not preempted by the FAAAA because Plaintiffs' claims are not sufficiently related to the price, route or service provided by Evans as a transportation broker. *See, e,g, Gilley, C.H. Robinson Worldwide, Inc.*, No. 1:18-00536, 2019 WL 1410902, at *5 (S.D. W. Va. Mar. 28, 2019) (in a personal injury action involving a motor vehicle collisions that resulted in the death of another driver, the District Court found that the plaintiff's negligence-based claims were not sufficiently related to the broker's services because the effect on the services was "too tenuous, remote, or

5

peripheral . . . to fall within the purview of the statutory preemption provision"). In addition, even if the claims were sufficiently related to the "services" provided by Evans as a transportation broker, the public safety exception in § 14501(c)(2)(A) applies.

**Public safety exception**

The majority of the courts to address the issue have concluded that negligence-based personal injury claims, even those against a transportation broker, fall within a state's safety regulatory authority and are exempt from preemption under § 14501(c)(2)(A). Three District Court cases with facts and allegations substantially similar to those in this case, are instructive: *Scott v. Milosevic*, 372 F.Supp.3d 758 (N.D. Iowa 2019); *Morales v. Redco Transp. Ltd*, No. 5:14-cv-129, 2015 WL 9274068 (S.D. Tex. Dec. 21, 2015); and *Finley v. Dyer*, No. 3:18-CV-78-DMB-JMV, 2018 WL 5284616 (N.D. Miss. Oct. 24, 2018).

In *Scott v. Milosevic*, the Northern District of Iowa found that "the fact that the ADA insurance provision mandates that airlines carry sufficient insurance to pay 'for bodily injury to, or death of' its passengers suggests that Congress never intended to preempt personal injury claims." 372 F. Supp. 3d 758, 770 (N.D. Iowa 2019) (citing *Bower v. Egyptair Airlines Co.*, 731 F.3d 85, 95 (1st Cir. 2013)). The *Milosevic* court applied this line of thinking to a personal injury case with facts and allegations similar to those in this case. In *Milosevic*, a semi-truck crossed the center line into oncoming traffic causing a collision that resulted in the death of the plaintiff's wife. The victim's family sued the driver, the semi-truck's owner, the driver's employer, the motor carrier, and the transportation broker. In determining that the FAAAA did not pre-empt the plaintiff's claims against the transportation broker, the *Milosevic* court concluded that "neither the ADA nor its legislative history indicates that Congress intended to displace the application of state tort law . . . or that Congress even considered such preemption." *Milosevic*, 372 F. Supp. 3d 758, 770 (N.D. Iowa 2019) (citing *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334 (5th Cir. 1995) (en banc)).

In *Morales v. Redco Transp. Ltd.*, the plaintiff brought personal injury and wrongful death claims against a freight broker after the defendant's tractor trailer negligently caused a deadly

6

motor vehicle collision. No. 5:14-cv-129, 2015 WL 9274068, at *1 (S.D. Tex. Dec. 21, 2015). Although "both the Supreme Court and Fifth Circuit have refused to narrowly construe the FAAAA's exemption of states' safety regulatory authority," the District Court found that the plaintiff's personal injury claims were exempted from FAAAA preemption under U.S.C. § 14501(c)(2)(A) because they fell under the state's safety regulatory authority. *Id.* at *2, *3.

In *Finley v. Dyer*, wrongful death beneficiaries brought suit in state court against a transportation broker for negligent hiring following a motor vehicle collision. The case was removed to federal court on the basis of complete preemption under the FAAAA. The District Court, while concluding that a negligent hiring claim against a transportation broker could "relate" to the services provided by the transportation broker, determined that the public safety exception in § 14501(c)(2)(A) applied, and the plaintiffs' claims were not preempted. According to the District Court in *Finley*:

> . . . there can be no serious dispute that common law claims arising from the negligent procurement of a trailer represent a valid exercise of the state's police power to regulate safety. Nor can there be any question that such claims, which are centered on a defendant's efforts to place trailers on the highways, concern motor vehicles so as to fall under the exemption provision.

*Finley* at *6.

Based on the substantial authority applying the public safety exception in § 14501(c)(2)(A) to negligent hiring claims against a transportation broker, the undersigned likewise concludes that the negligence-based claims alleged by Plaintiffs herein fall within the public safety exception in § 14501(c)(2)(A), and are not preempted.

### IV. Conclusion and Recommendation

Based on the forgoing and the conclusion that Plaintiffs' claims against Defendant Evans Transportation Services, Inc. do not fall within the preemption provision of § 14501(c)(1) and/or

are otherwise excepted from preemption under § 14501(c)(2)(A), the Magistrate Judge concludes that the Court does not have complete preemption jurisdiction in this case, and

RECOMMENDS that Plaintiffs' Motion to Remand (Document No. 12) be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), cert. denied, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 12th day of August, 2019.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE